NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0360n.06

No. 10-4619

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 26, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DINESH BAFNA,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

Before: ROGERS and KETHLEDGE, Circuit Judges; RUSSELL, Chief District Judge.[*]

KETHLEDGE, Circuit Judge. Dinesh Bafna owned and operated a company that sold raw granite slabs. On two occasions, Bafna provided free granite for a Cuyahoga County tax auditor's home. Shortly after each delivery, Bafna received a favorable property-tax adjustment—the first for his business, the second for his residence. Neither adjustment was the result of a formal proceeding; the auditor made the changes on his own. The federal government eventually began investigating the auditor for corruption and subpoenaed Bafna regarding these transactions. Bafna cooperated fully and ultimately pled guilty to one count of Hobbs Act conspiracy under 18 U.S.C. § 1951.

Prior to sentencing, Bafna moved for a two-level downward variance because the parties had misread the Sentencing Guidelines when drafting his initial plea. The district court granted the

_____

[*]The Honorable Thomas B. Russell, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

motion. As a result, Bafna's Guidelines range was four to ten months' imprisonment. The government recommended that Bafna be sentenced to probation and home detention. But the sentencing court found that Bafna had not fully accepted responsibility for his actions; and thus it sentenced him to six months' imprisonment, restitution, a $10,000 fine, and three years' supervised release. Bafna filed a motion to correct or amend the sentence, which the district court denied. Bafna then filed this appeal.

The government argues that we should dismiss the appeal because, as part of his plea, Bafna waived the right to appeal any sentence that did not exceeded the statutory maximum or his Guidelines range. Bafna's sentence in fact did not exceed either of those limits, and he further admits that his waiver was voluntary. He asks us to hear his appeal nonetheless, because he says the district court's sentence was based on "unsupported and improper" considerations, and effects a "miscarriage of justice." Specifically, Bafna think it was unfair for the district court to have criticized him for failing to admit that he actually knew his conduct amounted to a bribe, rather than admitting only that he should have known it was a bribe.

We typically enforce a defendant's waiver of his right to appeal, disregarding the waiver only in rare circumstances, such as when a sentence is based on racial discrimination or exceeds the statutory maximum. *See United States v. Caruthers*, 458 F.3d 459, 471 (6th Cir. 2006). Neither of those circumstances is present here. But Bafna says we should broaden our exception to enforcement of appellate waivers, to include cases where the sentence amounts to a miscarriage of justice. The First Circuit follows this approach. *See United States v. Teeter*, 257 F.3d 14, 25 (1st Cir. 2001).

This case does not present the question whether to adopt that approach, because there was no miscarriage of justice here. Bafna received a downward variance and a within-Guidelines sentence. None of the procedural objections that he raises with respect to his sentence give us any concern that the sentence itself was a miscarriage of justice. The district court was not bound by the parties' factual stipulations, such as whether Bafna had a greater degree of culpability than "deliberate ignorance," *see United States v. Davidson*, 409 F.3d 304, 311 (6th Cir. 2005), and the district court did not rely on "conspicuously false" information in making its sentencing decision. *See United States v. Wilson*, 614 F.3d 219, 223 (6th Cir. 2010). And the factors that the district court considered in determining Bafna's sentence surely did not violate any constitutional guarantees. We therefore enforce Bafna's waiver and dismiss his appeal.